UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

MARK SEILER

                Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                Defendant.

**DECISION
and
ORDER**

**18-CV-01088F
(consent)**

───────────────────────────────────────────

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER
                              Attorneys for Plaintiff
                              ANTHONY J. ROONEY, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Buffalo, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              MARIA FRANGASSI SANTANGELO
                              Assistant United States Attorney, of Counsel
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202, and

                              ANDREA LAURA LECHLEITNER
                              Regional Chief Counsel
                              United States Social Security Administration
                              Office of the General Counsel, of Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York 10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Fed.R.Civ.P. 25(d), is substituted for Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 14). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 14, 2019, by Plaintiff (Dkt. No. 10), and on May 17, 2019, by Defendant (Dkt. No. 12).

## BACKGROUND

Plaintiff Mark Seiler, ("Plaintiff" or "Seiler"), seeks review of Defendant's decision denying his Disability Insurance benefits ("disability benefits"), under Title II of the Social Security Act ("the Act"). In denying Plaintiff's applications for disability benefits, Defendant determined that Plaintiff had the severe impairments of spondylosis and prostatitis, but that Plaintiff does not have an impairment or combination of impairments within the Act's definition of impairment. (R. 81-82). [2] Defendant further determined that Plaintiff had the residual functional capacity ("RFC"), to perform light work with limitations to frequent balancing, stooping, kneeling, crouching, crawling, climbing ramps and stairs, and ready access to a bathroom. (R. 83). As such, Plaintiff was found not disabled, as defined in the Act, at any time from Plaintiff's alleged onset date

---

[2] "R" references are to the page numbers of the Administrative Record electronically filed by Defendant on March 14, 2019. (Dkt. No. 7).

of February 2, 2013, through the date of the Administrative Law Judge's decision on August 22, 2017.

## **PROCEDURAL HISTORY**

Plaintiff filed an application for disability benefits on January 23, 2015 (R. 233-34), that was initially denied by Defendant on March 15, 2013. On July 21, 2017, Plaintiff, represented by Jonathan Emdin, Esq. ("Emdin"), appeared and testified at a hearing before Administrative Law Judge Andrew Niedrick ("Judge Niedrick" or "the ALJ"), along with vocational expert ("VE") Deborah Bunn-Durham ("Bunn-Durham" or "VE") in Falls Church, Virginia. (R. 89-136). The ALJ's decision denying Plaintiff's claim was rendered on August 22, 2017. (R. 79-82). Plaintiff requested review by the Appeals Council, and the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review on August 10, 2018. (R. 1-5). This action followed on October 4, 2018, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On May 14, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 10-1) ("Plaintiff's Memorandum"). Defendant filed, on May 17, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 12-1) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on June 6, 2019 ("Plaintiff's Reply Memorandum") (Dkt. No. 13). Oral argument was deemed unnecessary. Based on the following, Plaintiff's motion for

judgment on the pleadings is DENIED; Defendant's motion for judgment on the pleadings is GRANTED.

## **FACTS**[3]

Plaintiff, born on August 10, 1957, alleges that he is unable to work as a result of abdominal hernia, lower back pain, Factor V Thrombophilia (blood clotting disease), anxiety, panic attacks, dry eyes, lack of focus, and high blood pressure. (R. 249). Facts pertinent to the issues raised in Plaintiff's Memorandum include a telephone call by Plaintiff on August 19, 2013, to Plaintiff's primary care physician Timothy Harrington, M.D. ("Dr. Harrington"), in which Plaintiff reported that he was diagnosed with a hernia, and that Plaintiff's coumadin medication was replaced with baby aspirin. (R. 332). On February 14, 2014, Dr. Harrington noted that Naim Dawli, M.D. ("Dr. Dawli"), diagnosed Plaintiff with a large incisional hernia. (R. 331).

On September 19, 2014, Dr. Dawli reviewed an abdominal sonogram of Plaintiff and diagnosed Plaintiff with possible gall bladder stones. (R. 346-50).

On December 7, 2014, Plaintiff sought treatment from Mercy Hospital emergency room for shortness of breath and chest tightness where, upon examination, Plaintiff was administered Xanax (anxiety) and discharged. (R. 302-11).

On December 8, 2014, Steven Milella, O.D. ("Dr. Milella"), completed an eye examination on Plaintiff and diagnosed Plaintiff with dry eye. (R. 324).

On December 10, 2014, Dr. Dawli completed a follow-up examination on Plaintiff's hernia and noted that Plaintiff preferred to postpone Plaintiff's hernial surgery. (R. 346).

---

[3] Taken from the pleadings and administrative record electronically filed by the Defendant on March 14, 2019. (Dkt. No. 7).

On December 23, 2014, Dr. Harrington noted that Plaintiff reported feeling anxious and prescribed Buspar (anxiety). (R. 367).

On February 27, 2015, state agency review psychologist M. Totin, Ph.D. ("Dr. Totin"), reviewed Plaintiff's records in connection with Plaintiff's disability benefits application, and found there was insufficient evidence to determine the severity of Plaintiff's claimed mental impairments. (R. 140-42).

## DISCUSSION

**1.  Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might

5

accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found that Plaintiff met the Act's insured status requirement for SSDI through December 31, 2014 (R. 79), that Plaintiff did not engage

in substantial gainful activity since Plaintiff's alleged disability onset date on February 1, 2013, and that Plaintiff suffers from the severe impairments of lumbar spondylosis (back pain) and prostatitis (enlarged prostate). (R. 81). The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1 (R. 83), retains the RFC to perform light work with limitations to frequent balancing, stooping, kneeling, crouching, crawling, climbing of ramps and stairs and would require ready access to a bathroom, and is capable of performing Plaintiff's PRW as a district sales manager and marketing sales manager such that Plaintiff is not disabled as defined under the Act. (R. 83-85).

Plaintiff argues that the ALJ's RFC of Plaintiff is erroneous as the ALJ failed to evaluate the frequency of which Plaintiff would require bathroom breaks during a normal workday and based the ALJ's assessment of Plaintiff's mental impairment on the singular opinion of Dr. Totin. Plaintiff's Memorandum at 9-13. Defendant maintains that substantial evidence does not support that Plaintiff would require additional bathroom breaks throughout a normal workday, and that the ALJ properly relied on Dr. Totin's findings regarding Plaintiff's mental impairment. Defendant's Memorandum at 10-20.

**Residual Functional Capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts, at the fourth step, to the Commissioner to show that despite the claimant's severe

impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In this case, the ALJ determined that Plaintiff had the residual functional capacity to perform light work with limitations to frequent balancing, stooping, kneeling, crouching, crawling, climbing of ramps and stairs, and that Plaintiff would require ready access to a bathroom. (R. 83).

Plaintiff contends that the ALJ erred by not including the length and frequency of Plaintiff's required bathroom breaks in the ALJ's residual capacity assessment of Plaintiff, and include such limitations in hypotheticals posed by the ALJ to the VE. Plaintiff's Memorandum at 13. Defendant maintains that Plaintiff's alleged urological issues resulting from Plaintiff's prostatitis are not supported by substantial evidence in the record. Plaintiff's contention is without merit.

In particular, on December 14, 2018, Plaintiff denied having genitourinary symptoms to Dr. Milella (R. 323), and reported no difficulties with his urinary tract to Dr.

Dawli on December 10, 2013 (R. 345), September 26, 2014 (R. 350), November 8, 2014 (R. 351), and December 9, 2014. (R. 347). On February 18, 2015, Nurse Practitioner Karen Stevenson ("N.P. Stevenson"), noted that Plaintiff reported no voiding problems. (R. 371). On August 18, 2015, Plaintiff reported no difficulties voiding to Physician Assistant Brian Crotzer ("P.A. Crotzer") (R. 375), and on January 28, 2017, Adam Kotowski, M.D. ("Dr. Kotowski"), noted that Plaintiff reported no urologic issues (R. 420). As indicated in the foregoing, nothing in the record here indicates that Plaintiff would require such ready access to a bathroom or frequent bathroom breaks that Plaintiff's residual functional capacity would be eroded to a level where Plaintiff would be unable to work. *See Packard v. Berryhill,* 2018 WL 3651330, at *5 (W.D.N.Y. Aug. 1, 2018) (ALJ not required to include hypotheticals regarding the frequency of bathroom breaks where substantial evidence supports the ALJ's residual functional capacity). The ALJ's residual functional capacity assessment of Plaintiff is thus supported by substantial evidence, and Plaintiff's motion on this issue is DENIED.

Plaintiff's further argument, Plaintiff's Memorandum at 8-10, that the ALJ erred in affording some weight to Dr. Totin is also without merit. Plaintiff received minimal mental health treatment during Plaintiff's relevant period of disability and denied psychiatric symptoms on December 7, 2014 (R. 305), January 26, 2017 (R. 420), and February 27, 2017. (R. 424). Plaintiff's motion on this issue is DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 10) is DENIED; Defendant's motion for judgment on the pleadings (Doc. No. 12) is GRANTED. The Clerk of the Court is ordered to close the file.

So Ordered.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 18th, 2020
                 Buffalo, New York